**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50468**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 4, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CYRUS HANSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and concurrent terms of life, with a minimum period of confinement of fifteen years, for two counts of lewd conduct with a minor under sixteen, sexual exploitation of a child, and rape, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Cyrus Hanson pled guilty to two counts of lewd conduct with a minor under sixteen, Idaho Code § 18-1508; one count of sexual exploitation of a child, I.C. § 18-1507(2)(c); and one count of rape, I.C. § 18-1601. In exchange for his guilty plea, additional charges were dismissed. The district court imposed concurrent terms of life with fifteen years determinate for two counts of lewd conduct with a minor, thirty years with fifteen years determinate for sexual exploitation of a child, and life with fifteen years determinate for rape. Hanson filed an Idaho Criminal Rule 35

motion, which the district court denied. Hanson appeals asserting that the district court abused its discretion by imposing excessive sentences and by denying his I.C.R. 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Hanson's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Hanson's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Hanson's judgment of conviction and sentences, and the district court's order denying Hanson's Rule 35 motion, are affirmed.